Case 1:26-cv-07323-CM Document 11-1 Filed 10/13/26 Page 1 of 18

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/19/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ARTISANS OF LEISURE, INC., Plaintiff, -against- ARTISANS OF SAFARI, LLC and KARIN JONES, Defendants. | : | Case No. 1:26-cv-7323-CM **~~[PROPOSED]~~ FINAL JUDGMENT ON CONSENT AND PERMANENT INJUNCTION** |

WHEREAS, on August 27, 2026, Plaintiff Artisans of Leisure, Inc. ("Plaintiff") commenced this action alleging trademark infringement and related claims against Defendants Artisans of Safari, LLC and Karin Jones (collectively, "Defendants") based on Defendants' adoption and use of the name and mark ARTISANS OF SAFARI (the "ARTISANS OF SAFARI Mark"), which Plaintiff alleged violated its mark ARTISANS OF LEISURE (the "ARTISANS OF LEISURE Mark") and federal registration no. 3012111 that Plaintiff owns for such mark; and

WHEREAS, Plaintiff and Defendants have agreed to resolve the claims filed against Defendants by entering into the Settlement Agreement attached hereto as Exhibit A (the "Settlement Agreement") and by entering into this Final Judgment on Consent and Permanent Injunction terminating the Action.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has personal jurisdiction over Defendants and over the subject matter at issue, and venue is proper in this District.

Case 1:26-cv-07323-CM Document 11-1 Filed 10/13/26 Page 2 of 18

2. Defendants acknowledge the validity of Plaintiff's Registration No. 3012111 for its ARTISANS OF LEISURE Mark and shall not challenge said registration.

3. Defendants and any other entities owned or controlled by them. and any of the foregoing parties' officers. members, parents, subsidiaries, affiliates. divisions, agents. employees, successors and assigns and all those persons in active concert or participation with them who receive actual notice of this judgment, shall be permanently enjoined as of December 9, 2026 (the "Injunction Effective Date") from using, registering or seeking to register the ARTISANS OF SAFARI Mark or any other name or mark containing or comprising the term "Artisan" or "Artisans" or otherwise confusingly similar to the ARTISANS OF LEISURE Mark, including, without limitation, marks containing or comprising misspellings, phonetic equivalents or translations of the term "Artisan" or "Artisans" (collectively, "Prohibited Marks") in connection with travel, tour or related services. The foregoing prohibition shall be construed in the broadest sense and shall include, without limitation, use of Prohibited Marks on or in connection with any of the following that are in the possession, custody or control of Defendants or that Defendants can otherwise edit or remove: (a) any business name, trade name, company name, legal entity name, assumed name, licenses, seller-of-travel registrations, merchant and bank accounts, memberships. supplier and partner listings, trademarks or service marks; (b) any advertising or marketing materials in any form of media, including, without limitation, any press pages, "as seen in" pages, media kits, pitch decks or PR lists; (c) any websites, podcasts or social media platforms, including, without limitation, directly controlled listings such as Google Business Profile, LinkedIn, Crunchbase, Bing Places, Apple Business Connect, Meta platforms, TikTok, YouTube, Pinterest, X, Yelp, TripAdvisor, Trustpilot, BBB and podcast directories; (d) any written or visual content visible in any form of media, including, without limitation,

Case 1:26-cv-07323-CM Document 11-1 Filed 10/13/26 Page 3 of 18

materials reproducing content of third-party publishers, media outlets and online platforms; (e) any key word, ad word, optimized search term, or for use in search engine optimization; (f) any website name, url, domain name, social media name, user name, account name, email address, text and file names, online listings profiles or directories, favicon, or other icon on any website or in any banners on any website, including, without limitation, any redirects from old domains, URLs or handles (except to the extent such redirects are permitted pursuant to paragraph 4 below); (g) any sponsored ads that appear on Google or any other search engines; (h) any hashtags; and (i) any metadata or source code. The above prohibition shall extend to use of the Prohibited Marks in connection with "formerly known as," "f/k/a," "previously," "also known as," "d/b/a" and similar references, including requesting or permitting a third party to use them.

4. For purposes of complying with the injunctive provision set forth in paragraph 3 above, Defendants shall be required to take all necessary steps to request that all major industry listings, directories, award references or similar platforms, including, without limitation, travelandleisure.com and cntraveler.com, are updated to reflect the new name adopted by Defendants for their business. Defendants shall make reasonable follow-up requests regarding material listings that remain unchanged, including, without limitation, by sending follow-up requests (with copies to Plaintiff) no later than thirty (30) and sixty (60) days after the initial request if the listing remains unchanged and taking such further reasonable follow-up steps as needed to correct the listings. Notwithstanding the foregoing, Defendants do not guarantee that third parties will make or retain the requested change. Nothing contained herein shall prevent Plaintiff from contacting the platforms referenced in paragraphs 3 and 4 herein directly to ensure compliance, and the Defendants shall cooperate with any such efforts by Plaintiff or other efforts by Plaintiff to correct and update references to Prohibited Marks. The Defendants may retain the

Case 1:26-cv-07323-CM Document 11-1 Filed 10/13/26 Page 4 of 18

existing domain solely to redirect visitors to the new website, and may receive messages at existing email addresses solely to migrate communications, for an additional forty-five days after the Injunction Effective Date, but the Defendants may only auto-forward or auto-reply to emails from existing email addresses providing the new name and address and may not otherwise send outgoing mail from the existing email addresses. Defendants shall not use the old domain or addresses to advertise or solicit new business during that period. They shall transfer or close the domain, as Plaintiff elects under paragraph 5, and stop using the old email addresses after completing the migration. Timely submission of a name-change filing or account-update request satisfies the corresponding deadline where processing is outside Defendants' control.

5. Within ten business days after the Injunction Effective Date, Defendants shall provide to Plaintiff a declaration signed by Jones under penalty of perjury pursuant to 28 U.S.C. § 1746 certifying that the transition to a new name in compliance with paragraph 3 above has been completed and that Defendants have ceased all use of the Prohibited Marks in accordance with paragraph 3 above, including, without limitation, by (a) having transferred any domain names and social media handles containing the term "Artisan" or "Artisans" to Plaintiff (or closed such domain names and handles without redirect if Plaintiff elects), except for the limited domain and email migration permitted by paragraph 4 above; (b) having taken the required steps to update industry platforms with the new name pursuant to paragraph 4 above; and (c) having amended the name of Artisans of Safari, LLC with the California Secretary of State to a name that is not a Prohibited Mark. Within ten business days after the additional migration period under paragraph 4, Jones shall provide an additional declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746 certifying that the domain and email migration is complete.

Case 1:26-cv-07323-CM Document 11-1 Filed 10/13/26 Page 5 of 18

6. Plaintiff's claims for monetary relief are hereby dismissed without prejudice and subject to reinstatement pursuant to paragraph 7 of the Settlement Agreement.

7. Each party shall bear its own costs in connection with this Action through entry of this judgment.

8. The Court shall retain continuing jurisdiction over the parties to this Final Judgment on Consent and over the subject matter of the Action for the purposes of interpreting and enforcing the terms of the Settlement Agreement and this Final Judgment on Consent and Permanent Injunction.

9. All of the parties hereto consent to the issuance and entry of this Final Judgment on Consent and Permanent Injunction and waive the right to appeal from or otherwise contest this Final Judgment on Consent and Permanent Injunction, which may be entered in the form and content as set forth above without further notice to any party.

AGREED AS TO FORM AND SUBSTANCE:

COWAN, LIEBOWITZ & LATMAN, P.C.

By: ______________________
Richard S. Mandel
114 West 47th Street
New York, New York 10036
(212) 790-9200

Attorneys for Plaintiff
Artisans of Leisure, Inc.

ARTISANS OF LEISURE, INC.

By: ______________________
Name: Ashley Ganz
Title: Founder & CEO



32240\003\7256705.v1

Case 1:26-cv-07323-CM Document 11-1 Filed 10/13/26 Page 6 of 18

MENT LAW GROUP, P.C.

By: ______________________
Jeffrey Ment
305 Broadway, Suite 700
New York, New York 10007
(860) 969-3201

Attorneys for Defendants
Artisans of Safari, LLC and Karin Jones

ARTISANS OF SAFARI, LLC

By: ______________________
Name: Karin Jones
Title: CEO

______________________
KARIN JONES

SO ORDERED this ___ day of _______, 2026

______________________
COLLEEN McMAHON, U.S.D.J.



32240\003\7256705.v1

Case 1:26-cv-07323-CM Document 11-1 Filed 10/13/26 Page 7 of 18

# EXHIBIT A

Case 1:26-cv-07323-CM Document 11-1 Filed 10/13/26 Page 8 of 18

# SETTLEMENT AGREEMENT

This AGREEMENT is entered into effective as of the date of the last signature below (the "Effective Date"), by and between Artisans of Leisure, Inc. ("Leisure"), a New York corporation located at 18 East 16th Street, Suite 301, New York, New York 10003, on the one hand, and Artisans of Safari, LLC, a California limited liability company, and Karin Jones, an individual (collectively, the "Safari Parties"), both located at 2140 N. Hollywood Way #11241, Burbank, California 91505, on the other hand.

WHEREAS, Leisure filed an action against the Safari Parties in the United States District Court for the Southern District of New York, Civil Action No. 1:26-cv-7323 (the "Action") alleging claims for trademark infringement and false designation of origin under the Lanham Act and trademark dilution and unfair competition under New York state law based upon the Safari Parties' adoption and use of the name and mark ARTISANS OF SAFARI (the "ARTISANS OF SAFARI Mark"), which Leisure alleged violates its mark ARTISANS OF LEISURE (the "ARTISANS OF LEISURE Mark") and federal registration no. 3012111 that Leisure owns for such mark; and

WHEREAS, the parties wish to resolve their dispute concerning the use and registration of the ARTISANS OF SAFARI Mark and any claims asserted in the Action without any admission of liability and without the need for further litigation,

NOW, THEREFORE, in consideration of the mutual covenants herein, and for other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, the parties agree as follows:

1. Except as provided in paragraph 3 below, the Safari Parties agree that neither they nor any entities owned or controlled by them, and any of the foregoing parties' officers,

Case 1:26-cv-07323-CM Document 11-1 Filed 10/13/26 Page 9 of 18

members, parents, subsidiaries. affiliates, divisions, agents, employees, successors or assigns shall hereafter use, register, or seek to register the ARTISANS OF SAFARI Mark or any other name or mark containing or comprising the term "Artisan" or "Artisans" or that is otherwise confusingly similar to the ARTISANS OF LEISURE Mark, including, without limitation, marks containing or comprising misspellings, phonetic equivalents or translations of the term "Artisan" or "Artisans" (collectively. "Prohibited Marks") in connection with travel, tour or related services. The foregoing prohibition shall be construed in the broadest sense and shall include, without limitation, use of Prohibited Marks on or in connection with any of the following that are in the possession, custody or control of the Safari Parties or that the Safari Parties can otherwise edit or remove: (a) any business name, trade name, company name, legal entity name, assumed name, licenses, seller-of-travel registrations, merchant and bank accounts, memberships, supplier and partner listings, trademarks or service marks; (b) any advertising or marketing materials in any form of media, including, without limitation, any press pages, "as seen in" pages, media kits, pitch decks or PR lists; (c) any websites, podcasts or social media platforms, including, without limitation, directly controlled listings such as Google Business Profile, LinkedIn, Crunchbase, Bing Places, Apple Business Connect, Meta platforms, TikTok, YouTube, Pinterest, X, Yelp, TripAdvisor, Trustpilot, BBB and podcast directories; (d) any written or visual content visible in any form of media, including, without limitation, materials reproducing content of third-party publishers, media outlets and online platforms; (e) any key word, ad word, optimized search term, or for use in search engine optimization; (f) any website name, url, domain name, social media name, user name, account name, email address, text and file names, online listings profiles or directories, favicon, or other icon on any website or in any banners on any website, including, without limitation, any redirects from old domains, URLs or handles (except to the extent such

Case 1:26-cv-07323-CM Document 11-1 Filed 10/13/26 Page 10 of 18

redirects are permitted pursuant to paragraph 2 below); (g) any sponsored ads that appear on Google or any other search engines; (h) any hashtags; and (i) any metadata or source code. The above prohibition shall extend to use of the Prohibited Marks in connection with "formerly known as," "f/k/a," "previously," "also known as," "d/b/a" and similar references, including requesting or permitting a third party to use them. For clarity, the Safari Parties shall not be responsible for references independently maintained by third parties after the Safari Parties have made the requests required by paragraph 2.

2. For avoidance of doubt, the prohibition in paragraph 1 above shall require the Safari Parties to take all necessary steps to request that all major industry listings, directories, award references or similar platforms, including, without limitation, travelandleisure.com and cntraveler.com, are updated to reflect the new name adopted by the Safari Parties for their business. The Safari Parties shall make reasonable follow-up requests regarding material listings that remain unchanged, including, without limitation, by sending follow-up requests (with copies to Leisure) no later than thirty (30) and sixty (60) days after the initial request if the listing remains unchanged and taking such further reasonable follow-up steps as needed to correct the listings. Notwithstanding the foregoing, the Safari Parties do not guarantee that third parties will make or retain the requested changes. Nothing contained herein shall prevent Leisure from contacting the platforms referenced in paragraph 1 or 2 herein directly to ensure compliance, and the Safari Parties agree to cooperate with any such efforts by Leisure or other efforts by Leisure to correct and update references to Prohibited Marks. The Safari Parties may retain the existing domain solely to redirect visitors to the new website, and may receive messages at existing email addresses solely to migrate communications, for an additional forty-five days after the Phase-Out Period, but the Safari Parties may only auto-forward or auto-reply to emails from existing email

Case 1:26-cv-07323-CM Document 11-1 Filed 10/13/26 Page 11 of 18

addresses providing the new name and address and may not otherwise send outgoing mail from the existing email addresses. The Safari Parties shall not use the old domain or addresses to advertise or solicit new business during that period. They shall transfer or close the domain, as Leisure elects under paragraph 4, and stop using the old email addresses after completing the migration. Timely submission of a name-change filing or account-update request satisfies the corresponding deadline where processing is outside the Safari Parties' control.

3. Notwithstanding the restrictions set forth in Paragraph 1 above, the Safari Parties shall have sixty days from the Effective Date (the "Phase-Out Period") in which to transition to a new name and mark that is in compliance with paragraph 1 above and to exhaust any existing physical or printed materials bearing the ARTISANS OF SAFARI Mark. The Safari Parties shall not create any new materials, advertising or content during the Phase-Out Period bearing the ARTISANS OF SAFARI Mark. Upon the expiration of the Phase-Out Period, the Safari Parties shall cease any and all use of the Prohibited Marks in accordance with paragraph 1 above, and shall provide written notice within five business days to Leisure advising it of the adoption of a new name that does not contain a Prohibited Mark.

4. Within ten business days after the expiration of the Phase-Out Period, the Safari Parties shall provide to Leisure a declaration signed by Jones under penalty of perjury pursuant to 28 U.S.C. § 1746 certifying that the transition to a new name in compliance with paragraphs 1 and 2 has been completed and that the Safari Parties have ceased all use of the Prohibited Marks in accordance with paragraph 1 above, including, without limitation, by (a) having transferred any domain names and social media handles containing the term "Artisan" or "Artisans" to Leisure (or closed such domain names and handles without redirect if Leisure elects), except for the limited domain and email migration permitted by paragraph 2, which shall be completed

Case 1:26-cv-07323-CM Document 11-1 Filed 10/13/26 Page 12 of 18

within forty-five days after the Phase-Out Period; (b) having taken the required steps to update industry platforms with the new name pursuant to paragraph 2 above; and (c) having amended the name of Artisans of Safari, LLC with the California Secretary of State to a name that is not a Prohibited Mark. The declaration shall identify any pending third-party platform updates or government filings and shall certify the steps taken by the Safari Parties, not completion of action by a third party. Within ten business days after the additional migration period under paragraph 3, Jones shall provide an additional declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 certifying that the domain and email migration is complete.

5. Within seven business days after the Effective Date, the Safari Parties shall voluntarily abandon App. Serial No. 50/043,453 for the mark THE SAFARI ARTISANS (the "Application") and shall provide Leisure with proof of same. The Safari Parties represent and warrant that they have not filed any other applications, including without limitation state or foreign filings, apart from the Application, and do not own any trademark registrations anywhere in the world, comprising or containing the term "Artisan" or "Artisans."

6. Within ten business days of execution of this Agreement by both parties, the parties shall cause their attorneys to submit for entry a Final Judgment on Consent in the form annexed hereto as Exhibit A with the United States District Court for the Southern District of New York terminating the Action. The parties agree to request that the Court retain jurisdiction over enforcement of this Agreement, which shall be incorporated by reference in the Final Judgment on Consent. The parties agree to cooperate in good faith to submit a revised Final Judgment on Consent conforming to the Court's requirements in the event the Court refuses to enter the Final Judgment on Consent in the form proposed by the parties. The Safari Parties consent to personal jurisdiction and venue in the United States District Court for the Southern

Case 1:26-cv-07323-CM Document 11-1 Filed 10/13/26 Page 13 of 18

District of New York, which shall be the sole and exclusive jurisdiction with respect to any claims arising under this Agreement or the Final Judgment on Consent (except that New York state courts may hear any such claims if for any reason it is determined that the federal court lacks subject matter jurisdiction over such claims). The Safari Parties acknowledge that any breach of paragraphs 1-5 of this Agreement will result in irreparable harm to Leisure and may be rectified by further injunctive relief or specific performance without the posting of a bond or proof of actual damages, and Leisure shall be entitled to recover its reasonable attorneys' fees in any proceeding to enforce or for contempt of the Final Judgment on Consent. Before seeking enforcement based on a breach capable of cure, Leisure shall give written notice describing the breach and allow the Safari Parties ten business days to cure it. This notice requirement does not apply to a deliberate resumption of use of a Prohibited Mark or adoption of a new Prohibited Mark after the applicable deadline, or to any materially false certification provided pursuant to this Agreement.

7. Subject to the Safari Parties' compliance with the terms of this Agreement, Leisure hereby releases the Safari Parties from and against any and all liabilities, debts, contentions, claims, demands, expenses, costs (including but not limited to attorneys' fees), damages, losses, suits, liens, actions or cause(s) of action in law or equity, known or unknown, occurring up to the expiration of the Phase-Out Period arising out of or related to the claims asserted in the Action or the use of the ARTISANS OF SAFARI Mark, except claims arising under this Agreement or the Final Judgment on Consent to be entered pursuant to paragraph 6 above. In the event of a material breach of this Agreement that remains uncured following any notice and cure period required by paragraph 6, including, without limitation, use of a Prohibited Mark after the Phase-Out Period, or in the event of a materially false certification provided

Case 1:26-cv-07323-CM Document 11-1 Filed 10/13/26 Page 14 of 18

pursuant to this Agreement, , the foregoing release contained in this paragraph shall be void and Leisure shall have the right to reinstate the claims brought in the Action for damages, profits and attorneys' fees by either re-opening the Action or filing a new action, with the Safari Parties waiving any defense based on the release, dismissal of those claims, the passage of time, res judicata, claim preclusion, claim splitting or entry of the Final Judgment on Consent. A third party's failure to update a listing after the Safari Parties have complied with paragraph 2, or an agency's delay in processing a timely filing, is not a material breach.

8. Subject to Leisure's compliance with the terms of this Agreement, the Safari Parties hereby release Leisure from and against any and all liabilities, debts, contentions, claims, demands, expenses, costs (including but not limited to attorneys' fees), damages, losses, suits, liens, actions or cause(s) of action in law or equity, known or unknown, occurring up to the expiration of the Phase-Out Period arising out of or related to the claims asserted in the Action or the use of the ARTISANS OF SAFARI mark, except claims arising under this Agreement.

9. The terms of this Agreement shall apply throughout the world.

10. This Agreement shall be governed by the laws of the State of New York, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of law principles or any other rule or regulation that would result in the application of any other state's law. The United States District Court for the Southern District of New York (or the state courts of New York in the event it is determined that the Southern District of New York lacks subject matter jurisdiction) shall be the sole and exclusive jurisdiction in which to bring any claims arising out of or related to this Agreement or the breach thereof.

11. This Agreement constitutes the entire agreement between the parties concerning the subject matter hereof and supersedes any agreement or understanding, whether oral or written,

Case 1:26-cv-07323-CM Document 11-1 Filed 10/13/26 Page 15 of 18

that any party may claim was made with respect to the subject matter of the Agreement prior to the date of this Agreement. This Agreement may not be altered except by an instrument in writing signed by the parties against whom the modification is charged.

12. Each party represents and warrants that, in entering into this Agreement, it or she has relied solely on its or her own judgment, belief and knowledge and has consulted its or her own independent counsel concerning the nature, extent and duration of its or her rights and claims. Further, no party has been influenced to any extent whatsoever in executing this Agreement by any representation or warranty made or allegedly made by any opposing party to this Agreement, except the representations and warranties explicitly set forth in this Agreement. Each party represents and warrants that it or she has the authority to enter into and execute this Agreement, and further represents and warrants that its corporate signatory has the power and authority to bind it in this matter.

13. If any provision or subprovision of this Agreement is found invalid or unenforceable, the balance of the Agreement, and all provisions thereof, shall remain in full force and effect. The failure of any party to enforce any term of this Agreement shall not be deemed a waiver of that term or any other term of this Agreement.

14. This Agreement shall be construed without regard to any presumption, or any other rule, requiring construction against the party causing the agreement to be drafted.

15. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which shall constitute one and the same agreement.

16. A photocopy, facsimile or electronic copy of this Agreement or any signature hereon shall be deemed an original for all purposes.

Case 1:26-cv-07323-CM Document 11-1 Filed 10/13/26 Page 16 of 18

17. This Agreement shall be binding upon and shall inure to the benefit of the parties' successors and assigns.

18. Any written notices or communications under this Agreement shall be sent by courier and email as follows:

For Leisure:

Artisans of Leisure, Inc.
18 East 16th Street, Suite 301
New York, NY 10003
Attn: President
info@artisansofleisure.com

with a copy by email to:

Richard S. Mandel, Esq.
Cowan, Liebowitz & Latman, P.C.
rsm@cll.com

For the Safari Parties:

Artisans of Safari, LLC (subsequent new name to be provided)
4549 Van Noord Ave.
Studio City, CA 91604
Attn: Karin Jones
(email to be provided)

with a copy by email to:

Jeffrey Ment, Esq.
Ment Law Group, P.C.
jment@mentlaw.com

Case 1:26-cv-07323-CM Document 11-1 Filed 10/13/26 Page 17 of 18

IN WITNESS WHEREOF, the parties have duly executed copies of this Agreement as of the date first written above.

ARTISANS OF LEISURE, INC.

By:______________________
Name:
Title:
Dated:

ARTISANS OF SAFARI, LLC

By: Karin Jones
Name: Karin Jones
Title: CEO
Dated: Oct. 8, 2026

Karin Jones
KARIN JONES individually
Dated: Oct. 8, 2026



32240\003\7256714.v1

Case 1:26-cv-07323-CM Document 11-1 Filed 10/13/26 Page 18 of 18

IN WITNESS WHEREOF, the parties have duly executed copies of this Agreement as of the date first written above.

ARTISANS OF LEISURE, INC.

By: Ashley Ganz
Name: Ashley Ganz
Title: Founder & CEO
Dated: 10/9/2026

ARTISANS OF SAFARI, LLC

By:________________
Name:
Title:
Dated:

MEMO ENDORSED

________________
KARIN JONES individually
Dated:

The Clerk of Court is directed to enter judgment in the form attached and to close this case. Court approval of the settlement is not required; this is a private settlement.

Colleen McMahon
USDJ

10/19/2026



32240\003\7256714.v1